Shreve *v.* Hankinson.

## Mary H. Shreve

*v.*

## John B. Hankinson et al.

Pending the foreclosure of a mortgage on a farm, a receiver was, with the written consent of the solicitors of all the parties in interest, appointed, with power to let the premises.—*Held*, that he could let the farm for a year without a special order, that being the usual term for such leases, and that such lease was neither limited nor terminated by the duration of the suit.

Bill to foreclose. Motion in behalf of purchaser at sheriff's sale for order for possession.

*Mr. C. E. Hendrickson* and *Mr. B. Gummere,* for the motion.

*Mr. W. A. Barrows,* for the tenant in possession and John B.. Hankinson.

*Mr. Sooy,* for the tenant and receiver.

The Chancellor.

The H. B. Smith Machine Company, the purchaser of the mortgaged premises at the sheriff's sale under the execution in

Note.—Under the English rule, the practice was that a receiver must obtain the direction of the court before letting lands, *Neale* v. *Bealing, 3 Swanst. 304; Ray* v. ———, *Id. 305; Morris* v. *Elme, 1 Ves. 139; Swaby* v. *Dickon, 5 Sim. 631; Roberts* v. *Armstrong, 1 Moll. 27;* or, the approbation of the master, *Duffield* v. *Elwes, 11 Beav. 590;* ——— v. *Lindsey, 15 Ves. 91; Fortescue* v. *Armstrong, L. R. (2 Irish Eq.) 261;* even for one year, *Wynne* v. *Newborough, 1 Ves. 164.*

He cannot lease so as to bind remaindermen, *Gibbins* v. *Howell, 3 Madd. 469; Baylies* v. *Baylies, 1 Coll. 537.* See *Foster* v. *Merchant, 1 Vern. 262; Ex parte Dikes, 8 Ves. 79;* nor bring ejectment against his tenants, *Wynne* v. *Newborough, 3 Bro. C. C. 88.* See *Brooks* v. *Brooks, 3 Ired. 392.* The receiver may distrain, *Birch* v. *Oldis, Sauss. & Sc. 146; Anon., 3 Irish Law Rec. 35; Swaby* v. *Dickon,*

Shreve v. Hankinson.

this cause, applies for an order requiring William A., John B. and Risdon Hankinson to surrender to it the possession of the property. Of those persons, the first named alone claims to be in actual possession. He resides on the property, and John B. Hankinson is his father, and lives with him there. Risdon Hankinson is his co-lessee of the premises, under a lease to them from the receiver appointed in this suit. He appears to have joined in the lease as surety for William. William claims the right of possession under the lease, which was made February 22d, 1881, and demised the premises (which are a farm of about one hundred and sixty acres, in Burlington county) for one year from March 25th following, on the terms usual in agricultural tenancies, at a rent of $500 for the term, payable one-half on the 20th of September, 1881, and the other on the 20th of March, 1882. The bill was filed on February 26th, 1880, and Risdon Hankinson filed a cross-bill on June 16th following. The final decree was made on July 5th, 1881, and the sale under the execution took place on September 24th, 1881. About a year after the filing of the original bill, an order was made, with the written assent of all the parties in interest, appointing a receiver to take charge of the mortgaged premises and to manage them, with power to sue for, collect and receive the rents, issues and profits thereof, to let the property from time to time, and to agree concerning the rents to be paid therefor, and to do all things necessary for the care and management of the premises; and he was required to give bond for the faithful performance of his duties.

5 Sim. 631; Spunner v. Spunner, 1 Moll. 27. See Exton v. Denbigh R. R., L. R. (6 Eq.) 14, 488; Dancer v. Hastings, 4 Bing. 2. But cannot be distrained, Noe v. Gibson, 7 Paige 513; In re Persse, 8 Irish Eq. 111. Where such tenants hold over they are liable to the receiver for subsequent rent, Hunt v. Wolfe, 2 Daly 298; Albany Bank v. Bank of Monroe, Clarke 297.

He may procure a prohibition against his tenant's removal by a justice, People v. McAdam, 22 Hun 559; or stay the interception of rents, Hazebrig v. Brough (Ky.), 8 Reporter 557.

The tenant may, without being made a party to the application, be enjoined from removing crops from the premises, contrary to the custom of the country, Walton v. Johnson, 15 Sim. 352; Mahony v. Aylward, 1 Moll. 27.

The former tenant's rights, if any, against the mortgagor are not to be pre-

Shreve *v.* Hankinson.

The petition states that neither the decree nor execution made any reservation in favor of the lessees, and that the price at which the property was struck off to the petitioner, was a full one for the premises; and the proof is that when the petitioner's agent asked the sheriff, during the bidding and just before making the last bid, whether possession would be given with the title, the sheriff said "Yes; he supposed so." The petitioner insists that the receiver had no authority to make the lease without a special order of the court (and none was obtained); and that, whether the lease was duly made or not, the purchaser of the property under the decree and execution is entitled to possession at the hands of the court; seeing that, as before mentioned, no reservation was made in favor of the lessees. The petition also alleges that the lease is at a very low and insufficient rent, and that the rent due in September, 1881, has not been paid.

The order appointing the receiver was made with the concurrence of all the parties interested in the property, signified by the written assent of their respective solicitors to the order. The order gave the receiver authority to let the premises from time to time. Under that authority he had power to let the premises for the term for which he leased them, without a special order. *2 Dan. Ch. Pr. 1749; Kerr on Rec. 195; Edw. on Rec. 123.* Where, as in this case, the property is a farm, if it be leased at all, the lease must necessarily be, as to term and otherwise, in accordance with the nature of the thing demised. The receiver was appointed in the winter of 1881, and it undoubtedly appeared

judiced, *Mansfield* v. *Hamilton, 2 Sch. & Lef. 28; Sealy* v. *Munns, 1 Irish Eq. 332.* See *Neale* v. *Bussing (N. Y. C. P.), 10 Reporter 153; Singerly* v. *Fox, 75 Pa. St. 112; Bowery Bank* v. *Richards, 3 Hun 366.* The application, *semble,* ought not to be made by the receiver, *Wrixon* v. *Vize, 5 Irish Eq. 276; Bruce* v. *Blennerhassett, Id. 277, note; Meares* v. *Bannon, 4 Irish Eq. 168.*

The receiver is liable for any loss the estate may sustain by a tenant quitting possession, where the receiver does not apply promptly to the court for authority to relet, *Wilkins* v. *Lynch, 2 Moll. 499.*

Where the mortgagee is receiver, he must obtain as large a rental as he can, although it may exceed his mortgage, *Bolles* v. *Duff, 37 How. Pr. 162.* The receiver cannot become his own tenant, *Alven* v. *Bond, 3 Irish Eq. 372; Stannus* v. *French, 1 Irish Jur. 299, 13 Irish Eq. 161.*

Shreve v. Hankinson.

clearly to be advantageous to all the parties, as well in view of
the possible, if not probable, length of the litigation as other
equally obvious considerations, that a lease should be made for
the ensuing agricultural year, and therefore the appointment of
a receiver was agreed to.    The lease was made in the same month,
and the term began with the agricultural year.    No advanta-
geous lease could have been made for a shorter term, and, though
over a month elapsed between the making of the lease and the
commencement of the term, no complaint was made that the rent
was inadequate.    There can be no doubt of the power of the court
to make such a lease under the circumstances, and it is not con-
fined in its power to letting the mortgaged premises for a term
not to extend beyond the period of the termination of the suit;
for the suit may be ended at any time by a compromise or other
arrangement, and therefore, to limit the power of the court in
the premises to the duration of the suit, would be, substantially
and practically, to deny the existence of the power.    If the
court had the power to make the lease, most manifestly the pur-
chaser under the decree cannot, merely as and because it is pur-
chaser, successfully invoke its aid to expel its lessees from the
property before the expiration of their term.    But it is urged
that if that be so, the court has not dealt fairly with the purchaser,
for there was then, when the property was sold, an unknown and
concealed encumbrance on it—one put on it by the court itself.
It would have been proper practice to mention the lease in the
decree and execution, but it appears not to have been done.    The

A lease by the receiver for a term shorter than usual may be authorized, if
beneficial to the estate, *Buckworth* v. *Morgan, Smith's (Irish) Rec. 82.*

The Irish rule seems to be to let for seven years or pending the suit, *Cox* v.
*Cox, 2 Irish Eq. 160 ; O'Connell* v. *O'Callaghan, 3 Id. 199 ;* and where the suit
is determined before the expiration of the term, the tenant is entitled to em-
blements, *Creed* v. *Creed, 3 Irish Eq. 207.*

Where the tenant paid a year's rent in advance, on a seven years' term, and
the suit was compromised within six months after the term began, he was held
entitled to continue in possession for the year, *Lalor* v. *Netterville, 6 Irish Jur.*
*261.*

The court refused to grant to trustees, for the life of A, authority to rent
part of the trust estate for ten years, *Shaw's Trusts, L. R. (12 Eq.) 124.*—Rep.

remedy of the purchaser, however, is obvious. If, by reason of its want of notice of the existence of the lease, it has been led to buy the property, when, otherwise, it would not have done so, or to give a higher price than it would otherwise have done, its remedy is in an application to be relieved from its purchase. If it does not desire relief in that direction, it must take the property with the burden of the lease; but it will be entitled to the rent accruing from the day of sale. Fairness and a due regard to the policy which the court should observe in reference to sales under its orders or process, so as to invite, instead of deterring, bidders, require no more. The motion is denied, but without costs.